## No. 101.

### W. N. ROGERS *v.* W. F. GOLDTWAITE.

1. This Court will endeavor to observe the established jurisprudence of the State as determined by the Supreme Court.
2. The adoption of the Constitution of 1879 did not grant a right of appeal from judgments rendered by the district courts of New Orleans, and, final, prior to August 1, 1880, when the amount in controversy did not exceed five hundred dollars.
3. The Constitution of 1879 does not declare, even by implication, that it proposed to give new and additional remedies for rights already in existence, or abolish old remedies and substitute new.
4. "Retrospective legislation, except when designed to cure formal defects, or otherwise operate remedially, is commonly objectionable in principle, and apt to result in injustice; and it is a sound rule of construction which refuses lighty to imply an intent to enact it. We are aware of no reasons applicable to ordinary legislation which do not, upon this point, apply equally well to Constitutions." Cooley's Const. Lim. p. 62.

*Appeal from the Fourth District Court. Houston, Judge.*

*J. Q. A. Fellows* for the motion.

*W. W. Handlin* contra.

#### MOTION TO DISMISS.

ROGERS, J.—Plaintiff instituted an action before the late

Fourth District Court of this parish, claiming the sum of $498 57, the value of one half of a party wall, including interest. On 14th January, 1879, a few days subsequent to the filing of the original petition, he filed a supplemental petition, alleging, in reference to a survey of the party wall, "that according to the estimate aforesaid, petitioner claims $240 35 principal, with legal interest from the date thereof, when payment was demanded, which would amount to something more than $258 20; *but the overplus of which interest petitioner remits, on account of the delays consequent to appeals in ordinary suits to the Supreme Court.*"

The case was finally adjudged in favor of the defendant on July 1st, 1879.

Notwithstanding the remittitur entered by plea on 14th January, and the fact that the amount originally claimed was less than five hundred dollars, plaintiff obtains an order of suspensive appeal to the Supreme Court, arguing his right to the same on the authority of 25 An. 621.

The Supreme Court disposed of this appeal, and the opinion and decree of that tribunal, on the application of the principles declared in 25 An. 621 to the case then before them, and now under consideration, is final and conclusive. This Court will not undertake to determine for the Supreme Court what opinions it shall render, or how it shall dispose of causes before it. We shall endeavor rather to observe the jurisprudence which its judgment establishes. The cause is now before us under the following circumstances: The appeal from the Fourth District Court was made returnable on the third Monday of November; on the fifth of November an order was granted plaintiff extending return day to December fifth, and subsequent to this date were had the proceedings upon which the Supreme Court pronounced on January 5th, 1880, after the adoption of the Constitution creating this Court and defining its jurisdiction; that, as a consequence, the case should have been transferred, and the decision rendered by the Supreme Court was *coram non judice.* It is true that the alleged money

Rogers vs. Goldtwaite.

claim of plaintiff was less than five hundred dollars; it is also true that he judicially declared that he remitted more than one half of the sum to prevent delay consequent on an appeal, but when he was cast in the suit and sought a review by the highest tribunal in the State, on the authority of 25 An. 621, which declares "that the claim presented is not one exclusively for an insignificant sum of money. It is the assertion of a right which concerns the ownership of property and its enjoyment.   *   *   *   Whether, in short, a man may enjoy in peace and comfort what he has acquired by toil;  *  * it may, indeed, involve the entire value of the property upon which the wall or fence is built;" the plaintiff submitted himself to the only court then existing competent to grant him relief from the judgment of the lower court; that tribunal determined that the want of jurisdiction was apparent from the record; "the value of property to which the walls belong is not in controversy, nor is the title to that property in any way disputed."

From this results naturally that the only questions that could arise in considering the controversy are fixed by the amount claimed in the petition to the judge of the lower court; that amount, after the remittitur, was $240 35.

On the 1st of July, 1879, when the judgment was definitive, the district courts were vested with exclusive jurisdiction of all amounts not exceeding five hundred dollars. Art. 83 Const. 1868. The judgment, therefore, could not be appealed from.

The adoption of the Constitution of 1879, on January 1st, 1880, did not grant or permit appeals from judgments which had become final, like the one before us.

The authority, Cooley's Const. Lim. p, 398 (note 1), is not applicable; the law was not changed *pending the proceedings; the proceedings had merged into a final judgment* when the change in the law occurred. The Constitution of 1880 does not declare, not even by implication, that it proposed to give new and additional remedies for rights already in existence, or abolish old remedies and substitute new. "We shall venture

also," (Cooley's Const. Lim. p. 62) "to express the opinion that a constitution is to be construed to operate prospectively only, unless its terms cleary imply that it should have a retrospective effect.     *     *     *     Retrospective legislation, except when designed to cure formal defects, or otherwise operate remedially, is commonly objectionable in principle, and apt to result in injustice; and it is a sound rule of construction which refuses lightly to imply an intent to enact it.   We are aware of no reasons applicable to ordinary legislation which do not, upon this point, apply equally well to constitutions."

The motion is granted.   The appeal herein dismissed.