## No. 117.

### FRANCOIS DOURS *v.* JOSEPH CAZENTRE.

</div>

1. This Court, as one of appellate jurisdiction, will not take notice *ex officio* of the rules of the inferior court; neither will it receive evidence going to establish the character of such rules.
2. By means of an assignment of errors, only errors of law, patent upon the face of the record can be brought to the notice of this Court.

3. Courts of record must keep a formal record of all orders and decrees; and where there is no written note of such order and decree, it will be presumed not to exist.

4. Therefore, where there is no formal record of the proceedings pointed out by law for the restoration of a cause to the ordinary from the dead docket, such proceedings will be considered as never having been had.

5. Courts will not readily give a retroactive effect to legislation; but rather hold it applicable alone to the future.

6. Where, however, legislation is not *ex post facto* and does not divest vested rights, impair the obligation of a contract, or otherwise violate the constitution, it may be made retroactive.

7. The Act No. 39 of 1880, approved 23d March, 1880, had such retroactive effect and applied to cases that had been "continued indefinitely, and remained so continued for one year," at the date of its becoming a law.

8. As it has not been shown that this cause was actually withdrawn from the ordinary docket and placed upon the dead one, this Court will not presume that such change was made.

9. The mere presumption that a clerk of the Court has done his duty, is outweighed by the sanctity with which the law clothes a final judgment.

10. It was not the duty of the plaintiff in this case to see that his cause was transferred to the dead docket; nor could he be held to proceedings to reinstate it upon a docket from which it had never been removed.

*Appeal from the Civil District Court, Parish of Orleans, Division A. Tissot, Judge.*

A. Voorhies for plaintiff.

R. S. Denée for defendant, appellant.

McGLOIN, J.—Plaintiff sued and recovered judgment, after issue joined, against defendant for $335.85, with interest and costs. Defendant was absent and not represented at the time fixed for trial. He appeals to this Court, presenting an assignment of errors raising the following questions:

1. That the suit was instituted and pending before the late Sixth District Court for this parish, and was transferred to the Civil District Court, created under the existing Constitution, without notice, as required by the rules of said Civil District Court.

2. That the judgment was obtained by illegal practices on the part of appellee, and in violation of Act No. 39 of 1880, inasmuch as, on June 3rd, 1879, the cause was continued indefinitely, and so remained for more than a year, and under said act was assigned to the dead docket, and could not be taken therefrom, to be refixed and tried, except by order of court on written motion, and that it appears from the record that no such motion was made or order obtained, and that the subsequent proceedings, being in violation of a prohibitory law, are null and void.

## I.

This case, involving less than five hundred dollars, comes up to us upon questions of law alone.

In the determination of the question, as to what are its facts, we have absolutely nothing to do, under the Constitution. The appellant in this case files his affidavit to the existence of the rule of the Civil District Court, upon which he relies, while counsel for appellant states, that while this provision was contained in a projet for rules of said court, suggested by a committee of the Bar for adoption, and printed, yet, it was, in fact, omitted from the rules, as really adopted and enforced. He files, in support of this assertion, a certificate from the clerk of the Civil District Court.

We do not consider ourselves authorized or called upon to take *ex officio* notice of the rules of the Civil District Court for the parish of Orleans, nor can we receive or consider anything in the nature of evidence going to establish their existence or character, as this Court is one exclusively appellate. Butler *v.* DeHart, 1 Martin La. N. S. 184; Bowman *v.* Flowers, 2 Martin La. N. S. 267; Denton *v.* Murdock, 5 Rob. La. 127; McAuliffe *v.* Destrehan, 9 Rob. La. 466. Had this issue been first presented below, the judge *a quo* might have taken official cognizance of the rules of his court, as we will do of those regulating the proceedings of this tribunal. His certificate, like that establishing any fact proven, admitted or otherwise

legally known to him, might be sufficient to establish before us the existence of such rules, or any portions thereof.

Furthermore, the appellant brings up this appeal exclusively upon assignment of errors. Under Sec. 3, Rule III, of this Court, and in fact under the provisions of the Code of Practice, a party can bring forward in this way, for correction, only such errors as are apparent upon the face of the papers.

The error here complained of is certainly not patent upon the face of the papers, but is discoverable, if it exist at all, only by an examination of the rules of the court *a qua*, which form no part of the transcript.

## II.

We believe, that were the facts and principles of law advanced in this division of appellant's assignment of errors sound and correct, we would be competent to grant relief. The Civil District Court is a court of record, bound under the law to keep proper minutes and due record of all its orders and decrees. In fact, it is only by the observance of the formalities declared by the law that the official actions and declarations of the judge are distinguishable from his non-judicial utterances as a man.

Therefore, where no official record appears in the papers of a suit presented to this Court of any order or decree, and no suggestion is made of a diminution of record, we are bound to consider that it never had any existence whatever, and dispose of the cause with that view. Applying these principles to this case, we are bound to consider that the elaborate proceedings required by the Act of 1880, No. 39, for the restoration of cases from the dead docket to the ordinary one, have not been had in this instance. The record also shows that the cause was continued indefinitely on June 3rd, 1879, before the late Sixth District Court, and so remained for more than one year before its transfer to and trial before the Civil District Court for this parish.

It is true that the Act of 1880, No. 39, was not approved until March 23rd, 1880, long after the continuance of June

3rd, 1879, and that the cause was transferred and tried in January, 1881, less than one year after the going into effect of the statute. It is also true that the courts will not readily give to legislation a retroactive effect, but rather hold it applicable alone to the future; Rogers *v.* Goldthwaite, 1 McGloin, 127. Yet, where a law is not *ex post facto*, does not impair the obligation of contracts, divest vested rights, or otherwise violate the Constitution, it may be made by express provision, either wholly or partially retroactive in its effects. The language we are to interpret, following provisions requiring the clerk to make and keep a dead docket, and to place cases of another class thereon, is as follows: "He shall likewise assign to said docket all cases that *have been assigned* for trial and *continued* indefinitely, and *remained* so continued for one year." Here, at the *time of the enacting* of this statute, the Legislature carefully employed terms of the past, showing that they had in view the regulation of a state of existent affairs, as well as those which might arise in the future. In face of such language, we cannot circumscribe the evident scope of the law by restricting it exclusively to such cases as might be continued, and remain dormant for a year, all *after* its passage.

We have satisfied ourselves, as shown above, that we must consider the non-existence of the order and proceeding of restitution, provided by the act, as apparent upon the record in this case, and the continuance and dormancy of the suit is likewise so apparent.

Were this case shown to have been actually placed upon the dead docket, we would consider its subsequent fixing and trial, unless acquiesced in by defendant, as being a ground of nullity, patent upon the record, and one of those errors which the law and the rules of this Court contemplate as peculiarly within the province of an assignment of errors.

However, as it is not shown that the cause was ever so placed upon the dead docket, we cannot consider a fact so essential to appellant as established, for it is neither necessary

or customary for the record to show from what docket in the court below the case was taken. Nor can we reverse a solemn judgment upon the presumption that the clerk has done his duty, a presumption which, if at all admissible to establish a fact of such facile proof, is certainly outweighed by the sanctity with which the law ever clothes a solemn judgment.

Taking it, then, as not established that the case was upon such docket, and treating the cause as though it had not been so placed, we do not consider that plaintiff was under any obligation to institute proceedings to secure its removal from a docket upon which it never appeared, or to reinstate it upon one from which it had never been removed.

The clerk of the lower court may have been remiss in his duty with regard to this case, and may have even incurred the penalty announced in the act, but plaintiff was under no obligation to suggest to him or compel, upon his part, the performance of his duty. On the contrary, it was the duty of the defendant to see that the clerk complied with the law, and that the case was so disposed of, if he desired it to be done, and the court a qua had the right to presume from his inaction a waiver or acquiescence upon his part.

However, although it is not made to appear in this record that this case was placed upon the dead docket, or that the rules of the court a qua were violated, it may in fact have been disposed of in violation of said law and rules, as contended, in which event defendant may have the right to bring his action for nullity and make his proof, and so introduce to our notice the facts and questions he now seeks to present. We do not wish, by our decree, to preclude him from availing himself of this remedy, if it exists, in his behalf.

It is, therefore, ordered that the judgment appealed from be affirmed, with reservation to appellant of his right to an action of nullity, if any exists, in his favor, he to pay costs of appeal.