## No. 123.

### EMILE DREYFUS *v.* JEREMIAH LINCOLN.

1. This Court will not disturb the verdict and judgment of a lower court, unless they be clearly erroneous.
2. When a verdict has been arrived at, by means other than conviction of judgment, on the part of the jury, this if proven, might furnish just cause for remanding.
3. Circumstantial evidence can supply the place of direct proof, only when it points plainly to a particular conclusion, and when it can be reasonably explained only upon such particular theory.
4. The mere fact that the jury has allowed plaintiff less than the evidence shows him entitled to, if his theory of the case be adopted, does not establish the fact that the verdict was a compromise one.

*Appeal from the Civil District Court. Houston, Judge.*

*Mott & Kelly* for plaintiff.

*L. E. Simonds* and *J. O. Nixon*, Jr., for appellants.

ROGERS, J.—The defendant appeals from a judgment against him for the sum of three hundred dollars. The case was tried by a jury and the District Judge after argument refused a motion for a new trial. The questions presented by a most voluminous record are principally questions of fact. After an examination we find the testimony conflicting and many facts testified to irrelevant. We are not prepared to say that the judgment is erroneous. This Court will not disturb the verdict of a jury when the testimony is conflicting and where the verdict was confirmed by the judge who was asked to grant a new trial, unless the judgment is manifestly erroneous.

Judgment affirmed.

## ON APPLICATION FOR REHEARING.

McGLOIN, J.—It is contended, on application for rehearing, that the Court seems to have accorded too much weight to the verdict of the jury and the approval thereof by the judge *a quo*; and that the true rule is that the appellate court will refuse to disturb the finding below, only where the testimony is so conflicting, that it is impossible, or very difficult for it to determine the cause.

This we do not consider a correct statement of the principle in question. In determining close questions of fact, the jury, or judge *a quo*, have a great advantage over the appellate judges. The former see and hear the witnesses, can note their manner, and form by actual observation an opinion as to the candor and disinterestedness of each. The latter, however, must pass upon testimony *as it is* written, where all peculiarities of manner, conduct, etc., are lost, and where the testimony of one witness usually apppears as valuable as that of another.

The Supreme Court has, therefore, always given *great weight* to verdicts and judgments upon matters of fact coming from

below; and have refused to disturb them, unless " *clearly wrong.*" Hennen's La. Dig. vol. 1, *verbo* Appeal IX (b), No. 1, p. 92.

It is also claimed that the plaintiff's testimony established an indebtedness as prayed for, if it established any at all; and that it was a question of indebtedness for all or none; that the jury gave a verdict for about one-half of the sum demanded, thereby proving either that it was a compromise verdict, or that the jury considered that there had been negligence or fault on both sides and the loss should be divided equally.

Were it proven that all, or any of the jury had come to a conclusion by any process, other than a conviction of the judgment, there might be force in the position of defendant. So, were it made to appear that the jury found, or believed as a fact that there was fault on both sides, we might possibly remand. We cannot however presume these things. There must be either direct proof, or circumstantial evidence strong enough to satisfy this Court. It is evident, however, that circumstantial evidence is entitled to weight as direct testimony only when it points to one particular conclusion, and cannot be reasonably explained except upon such particular theory.

The jury in its action in this connection may have been actuated by motives other than those assigned it by counsel. They may have believed defendant liable for the full amount, but considered themselves entitled to be lenient towards him. They may have considered themselves authorized to assess the damage in this case, according to their ideas of the real loss, and outside the testimony. Either of the last hypotheses, imply no more against the jury's comprehension of its duties, than do those advanced by defendant, and, if they be the actual ones, it is for plaintiff, and not for the defendant to complain.

Under the circumstances, we do not consider that our first opinion and decree were erroneous, and a rehearing is refused.