*Court of Appeals, Fifth Circuit, Parish of St. John the Baptist.*

ANDREW NAGEL, Appellant, *v.* CLEOPHAS MADERE *et als.*, Appellees.

1. Where the waters used for purposes of irrigation on a rice farm percolate through the enclosing levees, and injure the crops on an adjoining sugar plantation, notwithstanding the rice planter has exhausted *all* the usual and customary modes to prevent the sepage, and protect his neighbor, the damage resulting therefrom will be *damnum absque injuria.*
2. In cases where the testimony is either doubtful or conflicting, Courts of Appeal will not lightly disturb either the findings of juries or the judgments of courts *a quo.*

*L. DePoorter* for appellant.

*Jas. D. Augustin* for appellees.

SMITH, J.—This is an injunction suit, coupled with a prayer for damages alleged to have been sustained by reason of the waters from defendants' rice farm flowing or passing on to the property of the plaintiff, and injuring the crops of sugar-cane and corn planted and growing thereon.

The defendants answered—first, pleading the general issue, and, for special answer, setting forth that they were rice planters; that their occupation was one authorized by law; that they had complied with all legal requirements relative to their rice flume, and had taken all necessary precautions to protect the adjoining proprietors from injury by the waters on their rice lands. They further respond, that the plaintiff has failed to take the usual and necessary precautions to protect himself, etc., etc.

On these issues the parties went to trial, which resulted in a judgment dismissing plaintiff's injunction, and rejecting his demand for damages. From this judgment the plaintiff has appealed.

We admit the legal proposition, as advanced by plaintiff's counsel, " that no one can pursue his occupation with disregard of the rights of others;" and we will here add, that every person is required only to take those precautions against injury

to others which the peculiar nature of his business or calling would naturally demand.

It is the policy of the law to foster *all* the agricultural interests of the State, and the cultivation of rice has become an important one in Louisiana.

The evidence in this record, to say the least of it, is voluminous and conflicting; and while there seems to be proof of some damage to the plaintiff, there is, on the other hand, ample evidence going to show that the defendants had cultivated their rice lands in a careful and proper manner; that they had constructed the necessary levees and ditches to control the waters on their lands; and it is further in evidence that a common road, some eighteen feet in width, separated the properties of plaintiff and defendants to their entire depth.

In cases of doubtful or conflicting evidence, Courts of Appeal will not lightly disturb either the findings of juries or the judgments of lower judges before whom the testimony was given, and who had full and ample opportunity to weigh and consider the evidence as it fell from the lips of the witnesses. Of this nature we consider the case now before us; and, viewing *all* the testimony found in this record, we must decline to disturb the judgment of his honor, the judge of the court *a quo.* Dreyfus *v.* Lincoln, 1 McGloin 313.

Judgment affirmed.