### No. 209.

### MRS. ANN MCCONNELL *v.* N. V. VINET *et als.*

1.   Where, upon a judgment rendered *ex parte* taxing a curator's fee, a rule is taken for execution, such rule cannot be verbally changed into one to fix the value of such fee.

2.   The first decree being *ex parte* was absolutely null and void, and it could not be validated by a subsequent decree affirming and maintaining it.

3.   District Courts are courts of record, and consents and proceedings therein, not reduced to writing or made to appear in some of the modes pointed out by law, will be disregarded.

4.   The suggestions of the Judge *a quo* of *verbal* proceedings had in the course of a controversy before him, will be ignored.

*Appeal from the Civil District Court.   Rightor, J.*

*Sambola & Ducros* for plaintiff in rule, appellee.

*J. Magioni* for defendant.

### ON RULE OF CURATOR *ad hoc.*

ROGERS, J.—In a suit between plaintiff and defendants, Jno. S. Tully, Esq., was appointed curator *ad hoc* to represent an absent defendant.

Judgment was rendered in favor of plaintiff, and after the same had become final, the curator *ad hoc* moved the court to award him five hundred dollars for his fee as curator. and that the same be taxed as costs.    The motion and order granted thereupon were *ex parte*.    Two months after this proceeding the curator entered a rule praying a writ of execution for said $500 against Ann McConnell. the plaintiff in this suit.    To this plaintiff excepted, for reason among others, that the order rendered was *ex parte*, null and. void, and made without citation to anyone.

The District Judge held, that the order granting the curator *ad hoc* five hundred dollars was null and void, having been rendered *ex parte*, but inasmuch as, when the rule to issue execution against plaintiff was, after due notice, fixed and entered for trial, the curator *verbally* moved in open court to convert the rule from one for execution into one to fix the value of services, and offered evidence to support the value of his services, and that plaintiff's objections to such a proceeding were not valid in law, decided that he, the Judge, was competent to fix the value of services which had been rendered *pro tribunali*, and therefore decreed that the exceptions of plaintiff be overruled, and that the judgment heretofore allowing the curator *ad hoc* five hundred dollars, be maintained and confirmed and that execution issue in default of payment thereof.

We do not agree with the District Judge.    We are at a loss to understand how a judgment absolutely null and void can be made one of binding force by a subsequent decree maintaining and confirming it.    The record affords no evidence that there was any consent to change the proceedings, or that any change took place.    The Civil District Court is a court of record, and the suggestion of the Judge, in his reasons for judgment, that a verbal motion was made in open court will not be noticed by us. The record should, in the proper legal mode, show and preserve all proceedings had, and those proceedings should have been reduced to writing or made to appear in a manner recognized by law.    1 McGloin, 251, Dours vs. Cazentre.

That the original *ex parte* order fixing the fee of the curator was

null and void, there is no doubt. 1 McGloin, 313, Wood vs. Howard; 30 La. An. 1026, State vs. Judge; 13 La. An. 150, Fletcher vs. Henley.

The subsequent proceedings did not make it valid, and the rule for execution should have been refused, as there was no judgment upon which to base such an order.

It is, therefore, adjudged and decreed that the judgments rendered in this matter on June 28, 1882, and on February 5, 1883, be reversed and set aside at appellants' cost.