Baker vs. Stoutmeyer & Co.

---

## No. 181.

### M. A. BAKER *v.* STOUTMEYER & Co.

1. Litigants may, by implication as well as by expression, waive particular issues in a cause.
2. Where a plaintiff expressly alleges that the defendant firm is commercial, and that its members are bound *solidarily*, and the answer has no express denial of this fact; where, also, the judgment below was in accordance with the allegation, and the defendants moving in the court *a qua* for a new trial make no complaint upon this score, and where, in argument before this Court, oral and printed, no objection is made to this feature of the judgment; held, that the issue will be considered waived, and this Court will not consider it upon application for a rehearing.
3. Upon questions of fact, this Court will not lightly disturb the finding of the Judge *a quo.*
4. There is nothing in the contract of mandate which makes it *essentially* gratuitous.
5. There is nothing in La. Civil Code, Art. 2991, which requires that the agreement which shall render a contract of agency not gratuitous shall be *express.*
6. Such an agreement, therefore, may be *implied* from the circumstances of the case, from actions, and even from the silence or inaction of parties.
7. When, therefore, one party performs for another, services for which it is the universal custom to charge and receive compensation at rates fixed by usage, an agreement for such compensation, in default of expression to the contrary, will be implied.

*Appeal from the Civil District Court.    Tissot, J.*

*Jas. B Guthrie* for plaintiff.

*J. R. Beckwith* for defendants, appellants.

ROGERS, J.—A careful examination of the facts in this case, does not convince us that the Judge *a quo* erred.

His review of the law, in a very able opinion which he read on deciding the case, is, in our opinion, correct, and we adopt his reasons for judgment.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

McGLOIN, J.—We are asked in this case to grant a rehearing:

1.  Because the facts, as defendants contend, show that plaintiff, if employed by any one, was so employed by E. A. Burke and others, who figured as purchasers of the Times newspaper, and not by them (defendants) who were vendors:

2.  That this Court, as well as the court *a quo*, erred in holding that there was in this case an implied agreement for compensation, inasmuch as plaintiff declares that there was no express understanding to that effect, and defendant Stoutmeyer particularly swears that he never contemplated paying plaintiff anything, and that, as an understanding to pay, either express or implied, is essential in order to render the mandate not gratuitous, the mandate in this case, if any existed, must, under the Code, have been gratuitous.

3.  That the defendant firm was engaged in publishing a newspaper, and hence was not commercial; that, nevertheless, the members thereof have been condemned *in solido*.

We will first consider and dispose of the last presented issue, as, of those involving questions of law, it is the more easily disposed of. We ascertain, from the record and history of this cause, as the same appears before and is known to us, that, although there was an express allegation of the commercial character of this firm, and of the consequent liability of its members *in solido*, the answer has no express denial of this fact; that the judgment below was in accordance with the prayer of the petition, and defendants when cast moved for a new trial, and the motion contained not a single complaint of the solidary character of the judgment; that upon appeal, counsel for defendants presented briefs and

Baker vs. Stoutmeyer & Co.

made elaborate oral argument, saying, neither in print or by word of mouth one word against this feature of the decree appealed from. Now, however, that the judgment of the lower court has been affirmed, for the first time, so far as we can perceive, the appellants ask us to set aside the decree we have rendered upon this point.

We are not disposed to do this under such circumstances. Parties may certainly by expression waive particular issues in any cause, and what may be done by expression, may be equally done by implication, this latter arising from circumstances which are clear and unmistakable. It has often been held that bills of exception not particularly brought to the attention of the Appellate Court will be considered as waived, and we see no reason why the same rule should not cover objections to particular and distinct findings in the judgment itself, or findings which, as it were, determine collateral and incidental issues turning upon questions of law and fact that are to some extent aside from the main controversy of indebtedness *vel non.*

We do not hold that an express denial was essential to put this question at issue, nor that the omission to complain of this feature of the judgment in the rule for new trial filed below was, of itself, fatal, nor that, even in face of these facts, had the question been suggested to us in brief or argument before adjudication, we might not have determined it. These particular incidents are mentioned as circumstances going to aid in establishing the waiver by implication. We do, however, declare that where, upon an issue such as this, the appellant makes no suggestion of any kind to this Court, of error, before there has been an adjudication, that we will consider the issue waived. We say also, that it would not be in accordance with the principles of justice and fair dealing to permit an appellant, either intentionally or unintentionally, to hold his peace when he should have spoken, and permit the Court to affirm an incidental or collateral finding, against which no suggestion of complaint is made, and then seek to impose upon an appellee the delay and labor of a second

trial, merely for the purpose of determining upon that particular issue.

With regard to the question of employment, as to whether plaintiff was engaged for the defendants, or for E. A. Burke, the purchaser; this is a question principally of fact, and the Judge *a quo* has found for the plaintiff, and we have not been led to believe that there is clearly an error in such finding. We therefore, have left it undisturbed. Dreyfus vs. Lincoln, 1 McGloin, 313.

With regard to the remaining point, we are unable to bring ourselves to accept the propositions stated by the defendants.

There is nothing in the contract of mandate which makes it *essentially* gratuitous. All that our Civil Code says (Art. 2991) is that, " the procuration is gratuitous unless there has been a contrary agreement."

Now, even if we concede that " *procuration*," as the term is here employed, is synonymous with the word " mandate," as the latter is used in its broadest sense, and as including all manners of agency; yet there is nothing in this Article which required an *express* agreement, in order to take a contract of agency from under its operation.

The Code of Louisiana (Art. 1779) gives the four requisites for the formation of a valid agreement. Of these, " consent lawfully given " is one. This consent is a meeting of minds brought about by a proposition, and the acceptance thereof. C. C. Art. 1798. But, both the proposition and the assent may *be implied*. C. C. Art. 1811. And, both are *implied* when " manifested by action, *even by silence or inaction*, in cases in which they can, *from circumstances, be supposed to mean*, or by legal presumption are directed to be considered as evidence of assent." C. C. Art. 1811.

It follows from this that, in case of mandate, the agreement to compensate the one who serves may be *implied*, either from the actions, or even the silence, or inaction of the employer.

Now, the necessary result of the Articles of the Code applicable, and particularly of Article 1811, is that each party *has the right to infer* (or *suppose*, as Article 1811 puts it) the consent of the other, if, under surrounding circumstances, either the acts,

or the silence or inaction of such other are such as to fairly justify such an inference; and to justify the contention of the defendant, that they, Stoutmeyer & Co., had in this case only to reserve within their own minds the unexpressed determination to pay nothing for plaintiff's services, in order to defeat, under any circumstances, a legal agreement, is practically to nullify Article 1811 of Civil Code. It is practically to declare that *mental reservations* may, in the outcome, belie the *actions* of the parties holding them; that parties may be deceived to their detriment, by being led to infer acquiescence, where such acquiescence is fairly inferrable, and to act accordingly, only to be made in the end the suffering victims of deception. It is to obliterate the equitable doctrine of estoppel, which, in our law, as to the assent to contracts, has the express sanction of this Article 1811 of the Code, and is made as well as if it were a principle of the express law.

In this case, according to the facts as lawfully found, Stoutmeyer & Co. had a valuable property which they were and had been anxious to dispose of. The plaintiff, without any bond between him and the defendant that would justify the inference by the latter that he would labor for love alone, undertook, with the knowledge and participation of the latter, the finding of a purchaser and the bringing about of a sale. Both of these things he did, after a long delay and with considerable labor. In so doing he performed the service of a broker; acting, therefore, as one of a class of mandatories *who are universally paid*, and at rates *fixed by usage*, for such services. Surely, Stoutmeyer & Co. had no reasonable ground for supposing that plaintiff would act for them as a broker, and at the same time be what no other broker would have been towards them, a " laborer without hire ! " If Stoutmeyer & Co. expected plaintiff to hold towards them such an exceptional position, it was their duty to say so; and having failed to do this, they are to be held as tacitly consenting that plaintiff should be towards them as other brokers, and receive payment for his services.

Rehearing refused.